IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CR-16-FL-1
No. 4:17-CV-146-FL

| | |
|---|---|
| RAJAHN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, (DE 186), and the government's motion to dismiss. (DE 190). Petitioner did not respond to the motion to dismiss, and the time period for doing so has expired. The issues raised are ripe for ruling. For the reasons that follow, this court denies petitioner's motion and grants the government's motion to dismiss.

## BACKGROUND

On June 16, 2015, petitioner pleaded guilty to 1) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and a quantity of marijuana, in violation of 21 U.S.C. §§ 841 and 846 (count one); 2) intent to distribute and distribution of a quantity of heroin and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (counts three and five); and 3) possession with intent to distribute a quantity of marijuana and 3,4-Methylenedioxymethamphetamine (MDMA) and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On September 15, 2015, the court sentenced petitioner to a term of imprisonment of 204 months. Petitioner appealed, and the court of appeals affirmed the judgment

on May 31, 2016. Petitioner sought certiorari, and the Supreme Court denied the petition for writ of certiorari on October 18, 2016.

On October 17, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that he was incorrectly sentenced as a career offender because the state court convictions upon which that status was based are subject to challenges in state court. Petitioner seeks to have this court "stay" the instant § 2255 petition pending the outcome of challenges to his state court convictions. (Mot. (DE 186) at 4). The government moves to dismiss on the basis that petitioner's claim provides no basis for correction of his sentence, where petitioner has two prior predicate convictions that are not subject to challenges in state court.

**COURT'S DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.   Analysis

In support of his claim, petitioner submits a scheduling order for post-conviction relief in Bergen County, New Jersey, Case No. 96-001744-001 (See 186-3 at 1), corresponding to a conviction at paragraph 31 in the presentence report qualifying as a predicate conviction for

2

petitioner's career offender status. Petitioner also submits documents regarding an appeal of an order denying post-conviction relief in Essex County, New Jersey, which may pertain to a conviction at paragraphs 30, 32, or 33, each of which independently qualify as predicate convictions for petitioner's career offender status. (See id. at 2-14). Even if two of the aforementioned convictions are overturned upon post-conviction review, which is not likely given the age of such prior convictions, petitioner would still have at least two other qualifying controlled substance offenses in his record. (See Presentence Report (PSR) ¶¶ 30-33). Accordingly, petitioner has not demonstrated a meritorious claim for relief, nor has he provided a sufficient basis to stay this § 2255 matter. Accordingly, petitioner's motion is denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, this court DENIES petitioner's motion to vacate (DE 186), and GRANTS the government's motion to dismiss (DE 190). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge